IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00223-PAB

(Bankruptcy No. 23-12290 JGR, Chapter 13)

In re:

MONIKA RHODES,

    Debtor.

___

MONIKA RHODES,

    Appellant,

v.

DOUGLAS B. KIEL, Chapter 13 Trustee,

    Appellee.

___

## ORDER

This matter is an appeal by debtor Monika Rhodes from the January 11, 2024 order, Docket No. 17-1 at 3-4, of the United States Bankruptcy Court for the District of Colorado (the "bankruptcy court") dismissing Ms. Rhodes' Chapter 13 bankruptcy case [Docket No. 3]. The Court has jurisdiction pursuant to 28 U.S.C. § 158(a).[1]

### I.  BACKGROUND

Ms. Rhodes filed a Chapter 13 bankruptcy petition on May 25, 2023. Docket No. 14 at 6; Docket No. 20 at 4; *see* Docket No. 17-1 at 18. Between May 25, 2023 and

___

[1] After reviewing the parties' submissions, the Court has determined that oral argument is not necessary to the resolution of this appeal.

January 11, 2024, Ms. Rhodes filed five Chapter 13 plans, each of which was objected to and none of which was confirmed.  Docket No. 17-1 at 19-23.  On December 6, 2023, Douglas B. Kiel, the Chapter 13 Trustee (the "Trustee"), filed a motion to dismiss the case on the basis that Ms. Rhodes failed to make required payments under the plan, prejudicing creditors.  Docket No. 21-1 at 24.  On the same day, the Trustee sent a notice concerning the motion to dismiss ("Notice") and a copy of the motion to dismiss by mail to Ms. Rhodes and by electronic transmission to Ms. Rhodes' counsel.  *Id.* at 26.  The Notice stated that the deadline to file an objection to the motion to dismiss was December 27, 2023.  *Id*. at 25.  Ms. Rhodes did not file an objection to the motion to dismiss.

On January 11, 2024, U.S. Bankruptcy Judge Joseph G. Rosania, Jr. held a telephonic hearing regarding Ms. Rhodes' fifth Chapter 13 plan and the objections to the plan that had been filed.  Docket No. 17-1 at 1.  Ms. Rhodes was represented by counsel at the hearing.  *Id.* at 10, 3:21-23.  During the hearing, the Trustee stated that Ms. Rhodes was in default in the amount of $2,033 and that, although Ms. Rhodes had made payments of varying amounts in June 2023, August 2023, October 2023, and December 2023, she had failed to make payments in July 2023, September 2023, and November 2023.  *Id.* at 12-13, 5:19-24, 6:19.  The Trustee stated that, as a result, Ms. Rhodes was "approximately 2.7 months behind" on monthly plan payments.  *Id.* at 11, 4:20-21.  Counsel for Ms. Rhodes explained that Ms. Rhodes' ex-husband was "living in the house[2] and . . . not paying the rent," with the result that "she has to basically just surrender the house."  *Id.* at 13, 6:20-23 (footnote added).  Counsel for Ms. Rhodes also

---

[2] It is not clear from the hearing transcript what house this statement refers to.

2

stated that the Homeowners Association of Chimneyhill in Heatherridge ("HOA") filed a proof of claim on December 14, 2023. *Id.* at 13-14, 6:24-7:2.

Judge Rosania stated that the trustee had filed a motion to dismiss the case and that Ms. Rhodes did not file an objection before the December 27, 2023 deadline. *Id.* at 11, 4:13-15; *see* Docket No. 21-1 at 25. Counsel for Ms. Rhodes orally objected to the motion to dismiss, which Judge Rosania accepted as a late objection. Docket No. 17-1 at 15, 8:3-6. Judge Rosania summarized the case as follows:

> So this debtor filed her case May 25, 2023. The debtor is in default in the amount of approximately two thousand, which is several months. There's been sporadic payments over the time period. There have been five plans filed, . . . [and] the debtor has a late objection to the motion to dismiss.

*Id.* at 14-15, 7:20-25, 8:5-7. Judge Rosania also stated that he and three of his colleagues "have established an informal agreement in ruling in Chapter 13 cases that once you get past three plans that we really need to seriously consider dismissal." *Id.* at 15, 8:7-11. He noted that there had been five plans filed and that at least one more would be needed because of issues with the plans that the Trustee identified. *Id.* at 14-15, 7:24, 8:19-22. He stated that he did not "see a viable and logical path forward with this particular case" and that he thought the "path forward is to dismiss the case, and the debtor can come back with a new case and a new plan." *Id.* at 15, 8:1-2, 8:13-15. Judge Rosania therefore held that, "under [11 U.S.C. §] 1307, the debtor's lack of plan payments and the fact that we're going to need six plans constitutes unreasonable delay prejudicial to creditors" and dismissed the case without prejudice. *Id.*, 8:17-20, 8:23-24.

Ms. Rhodes filed a notice of appeal on January 24, 2024. Docket No. 3. Ms. Rhodes filed an opening brief on March 5, 2024. Docket No. 14. The Trustee filed a

3

response brief on April 5, 2024.  Docket No. 20.  The deadline to file a reply brief was set for April 19, 2024, Docket No. 22, but Ms. Rhodes did not file a reply.

## II.  LEGAL STANDARD

A party may appeal the "final judgments, orders, and decrees" of a bankruptcy court to either the district court or a bankruptcy appellate panel.  28 U.S.C. §§ 158(a), (c)(1).  A district court reviews the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion.  *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010); *Busch v. Busch (In re Busch)*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (lifting of automatic stay); *Brasher v. Turner (In re Turner)*, 266 B.R. 491, 494 (B.A.P. 10th Cir. 2001) (excluding an exhibit); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (entering default judgment).

## III.  ANALYSIS

Ms. Rhodes argues that the bankruptcy court erred in dismissing her Chapter 13 case on three grounds: (1) Ms. Rhodes "was not previously given notice of the [bankruptcy] court's newly adopted and unannounced '3 plans and you are out' rule"; (2) Ms. Rhodes' Chapter 13 case was dismissed without notice and a hearing; and (3) none of the grounds for dismissal listed under 11 U.S.C. § 1307(c) apply to her case.  Docket No. 14 at 5.  Because the first two grounds for appeal relate to due process, the Court will analyze them under a *de novo* standard of review.  *See In re Gledhill*, 76 F.3d 1070, 1083 (10th Cir. 1996) ("We review whether bankruptcy court proceedings violated a party's due process rights de novo.") (citing *In re Republic Trust & Sav. Co.*, 897 F.2d 1041, 1043 (10th Cir. 1990), *rev'd on other grounds*, 498 U.S. 42 (1990)).  In the Tenth

Circuit, "[o]rders dismissing Chapter 13 cases are reviewed for abuse of discretion," so the Court will analyze Ms. Rhodes' third ground for appeal based on an abuse of discretion standard. *See In re Alexander*, 363 B.R. 917, 925 (B.A.P. 10th Cir. 2007).

### A. "Three plans and you are out" rule

Ms. Rhodes claims that, at the January 11, 2024 hearing, "the bankruptcy court judge announced on the record that his colleagues (the other bankruptcy court judges for the District of Colorado) decided informally that all chapter 13 cases would be dismissed if more than three chapter 13 plans were filed in that case." Docket No. 14 at 6. She argues that the bankruptcy court committed legal error because she "was not given prior notice of the '3 plans and you are out' rule" since it was "announced to [Ms. Rhodes] for the first time at the confirmation status hearing on January 11, 2024, that all chapter 13 cases were subject to dismissal if the debtor in that case had three plans on file. The [bankruptcy] court's previously unannounced '3 plans and you are out' rule cannot be found in any local rules, court opinions, or the bankruptcy code itself." *Id.* at 7.

Ms. Rhodes misconstrues Judge Rosania's statement at the January 11, 2024 hearing. He did not "announce[ ] . . . that all chapter 13 cases would be dismissed if more than three chapter 13 plans were filed in that case." *See id.* at 6. Rather, he stated that he and his colleagues informally agree that, once a debtor in a Chapter 13 case has submitted more than three plans, it is appropriate to "seriously consider dismissal." Docket No. 17-1*.* at 15, 8:7-11. Moreover, even if a rule did exist under which bankruptcy court judges dismissed Chapter 13 cases if debtors submit more than three plans, Judge Rosania did not apply such a rule to Ms. Rhodes since he did not

5

dismiss Ms. Rhodes' case until after she requested to file a sixth plan. *See id*. at 19-23; *see also id.* at 15, 8:19-20.  Therefore, the Court will deny Ms. Rhodes' appeal insofar as it is based on the application of a purported "three plans and you are out" rule.

### B. Notice and hearing

Ms. Rhodes argues that her Chapter 13 case should not have been dismissed because she "was never given notice and the opportunity to be heard at a hearing." Docket No. 14 at 7.  The Trustee responds that Ms. Rhodes had notice that the Trustee had requested that the case be dismissed and that Ms. Rhodes "was actually heard at the confirmation hearing where [counsel for Ms. Rhodes] presented arguments opposing dismissal."  Docket No. 20 at 8-10.  The confirmation hearing concerning Ms. Rhodes' plan and the objections to the plan, which took place on January 11, 2024, was set on November 30, 2023 after Ms. Rhodes filed a fifth plan.  Docket No. 17-1 at 23, 25.  Notice of the hearing was mailed to Ms. Rhodes on November 30, 2023 by her attorney.  *Id.* at 23.

Pursuant to § 1307(c), a court may dismiss a Chapter 13 case "on request of . . . the United States trustee and after notice and a hearing."  11 U.S.C. § 1307(c).  Under the Bankruptcy Code, "after notice and hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."  11 U.S.C. § 102(1)(A). Constitutional due process requires that, in any proceeding to be accorded finality, parties be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see Turney v.*

*F.D.I.C.*, 18 F.3d 865, 868 (10th Cir. 1994) (holding that constitutional due process requirements apply to bankruptcy cases).

Here, the Trustee filed a motion on December 6, 2023 to dismiss Ms. Rhodes' Chapter 13 case based on Ms. Rhodes' failure to make payments under the plan. Docket No. 21-1 at 24.  The Trustee sent a copy of the motion to dismiss and the Notice, which stated that the deadline to object to the motion to dismiss was December 27, 2023, to Ms. Rhodes by mail and to Ms. Rhodes' counsel by electronic transmission.  *Id.* at 25-26.

Proceedings to dismiss a case under § 1307(c) are governed by Federal Rule of Bankruptcy Procedure 9014, which provides that a motion to dismiss must be served in the manner provided for service of a summons and complaint under Rule 7004.  *In re Tabert*, 540 B.R. 790, 792 (Bankr. D. Colo. 2015); Fed. R. Bankr. P. 10F17(f)1; Fed. R. Bankr. P. 9014(b).  Under Rule 7004, service may be made on an individual debtor by prepaid mail and service on the debtor's attorney may be made by filing with the court's electronic filing system or by sending the filing through electronic means.  Fed. R. Bankr. P. 7004(b)(1); Fed. R. Bankr. P. 7004(g); Fed. R. Bankr. P. 5(b)(2)(E).  The Court finds that, because the Trustee served the motion to dismiss and the Notice on Ms. Rhodes and her counsel in accordance with the service requirements established under Rule 7004, Ms. Rhodes had notice of the Trustee's motion to dismiss.

Ms. Rhodes failed to file an objection to the motion to dismiss before the objection deadline, December 27, 2023.  Docket No. 17-1 at 1; Docket No. 17-1 at 11, 4:13-15; Docket No. 21-1 at 25.  On January 11, 2024, the bankruptcy court held a confirmation hearing regarding the amended plan filed on November 30, 2023 and the

7

objections to the plan, including an objection filed by the Trustee.[3]  Docket No. 17-1 at 7.  Counsel for Ms. Rhodes was present at the January 11, 2024 confirmation hearing. *Id.* at 13-15, 6:20-8:4.  During the hearing, counsel for Ms. Rhodes orally objected to the Trustee's motion to dismiss.  *Id.* at 15, 8:3-4.  Counsel for Ms. Rhodes did not dispute that Ms. Rhodes was in default, that she had made only sporadic payments, or that there had been five proposed plans for repayment, none of which had been confirmed.  Rather, counsel stated that Ms. Rhodes' ex-husband had been living in the house and not paying rent and that, as a result, Ms. Rhodes would be surrendering the house.  *Id.* at 13, 6:20-23.  Counsel for Ms. Rhodes also requested the opportunity to file a sixth plan.  *Id.* at 14, 7:11-12.

The Court finds that Ms. Rhodes was provided notice and the opportunity to be heard with regard to the dismissal of her Chapter 13 case given the following: (1) on November 30, 2023, the bankruptcy court set a confirmation hearing on January 11, 2024; (2) Ms. Rhodes had notice of the January 11, 2024 confirmation hearing; (3) the Trustee gave notice to Ms. Rhodes of the motion to dismiss; (4) counsel for Ms. Rhodes was present at the January 11, 2024 hearing; (5) during the hearing, counsel for Ms. Rhodes was given the opportunity to address the bankruptcy court regarding the confirmation of the plan and to object to the motion to dismiss, and did so.  *See Turney*, 18 F.3d at 868 (affirming bankruptcy court's confirmation of the plan for debtor's estate because "Debtor received notice and showed up [to hearings], accompanied each time by retained counsel.  Due process requires no more."); *In re Beard*, 84 F.3d 431, 1996

---

[3] The Trustee's objection to the fifth plan requested that the bankruptcy court "deny confirmation . . . and dismiss . . . pursuant to 11 U.S.C. § 1307."  Docket No. 21-1 at 28.

WL 248804, at *5 (5th Cir. 1996) (holding that bankruptcy court's *sua sponte* dismissal of debtors' Chapter 13 case under § 1307(c) during a confirmation of plan hearing did not violate debtors' due process rights because debtors had a "full opportunity to articulate" why their case should not be dismissed and the bankruptcy court "accorded their arguments full consideration"); *cf. In re Krueger*, 88 B.R. 238, 240-41 (B.A.P. 9th Cir. 1988) (holding that order dismissing Chapter 13 case was void because debtors did not receive notice of continued confirmation hearing). The Court will therefore deny Ms. Rhodes' appeal insofar as it is based on lack of notice and an opportunity to be heard.

    **C.**   **Dismissal under § 1307(c)**

Section 1307(c) provides that a Chapter 13 proceeding may be dismissed "for cause" and lists eleven reasons that justify dismissal. 11 U.S.C. § 1307(c). Ms. Rhodes argues that the bankruptcy court "abused its discretion in dismissing this chapter 13 case where none of the grounds listed in 11 U.S.C. § 1307(c) were present." Docket No. 14 at 6. This argument is unpersuasive for two reasons. First, the list of reasons for dismissal enumerated in § 1307(c) is "nonexclusive" and a bankruptcy court may properly dismiss a Chapter 13 case "for cause" for reasons not expressly listed under § 1307(c). *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373 (2007) (citing 11 U.S.C. § 1307(c)); *see also In re Armstrong*, 303 B.R. 213, 221 (B.A.P. 10th Cir. 2004) ("the list of [§ 1307(c)] factors is not exhaustive"); *In re Frank*, 638 B.R. 463, 466 (Bankr. D. Colo. 2022) ("the eleven grounds listed are merely examples of 'cause' and do not purport to set forth an exclusive list").

Second, at the January 11, 2024 hearing, Judge Rosania explicitly found that Ms. Rhodes' "lack of plan payments and the fact that we're going to need six plans

9

constitutes unreasonable delay prejudicial to creditors" under § 1307(c).  Docket No. 17-1 at 15, 8:18-20.  Unreasonable delay by the debtor that is prejudicial to creditors is one of the reasons for dismissal listed under § 1307(c).  *See* 11 U.S.C. § 1307(c)(1).  In addition, § 1307(c)(5) authorizes dismissal based on "denial of confirmation of a plan . . . and denial of a request made for additional time for filing another plan or a modification of a plan."  11 U.S.C. § 1307(c)(5).  At the January 11, 2024 hearing, Judge Rosania declined to confirm Ms. Rhodes' fifth proposed plan and denied the request by Ms. Rhodes' counsel for "one more crack to get this plan filed and approved."  Docket No. 17-1 at 14, 7:11-12.  Thus, two of the eleven enumerated reasons for dismissal under § 1307(c) were present in this case.  *See* 11 U.S.C. §§ 1307(c)(1) and (c)(5).  The Court finds that the bankruptcy court did not abuse its discretion in dismissing Ms. Rhodes' case.  The Court will affirm the bankruptcy court's ruling.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the January 11, 2024 decision of the bankruptcy court dismissing Ms. Rhodes' Chapter 13 case [Docket No. 17-1 at 3-4] is **AFFIRMED**.  It is further

**ORDERED** that this case is closed.

DATED August 23, 2024.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge